## BOARD OF LIQUOR CONTROL, Appellee, v. ABERNATHY, Appellant.

Ohio Appeals, Second District, Franklin County.

No. 4557.   Decided June 14, 1951.

C. William O'Neill, Atty. Genl., Thomas R. Lloyd, Asst. Atty. Genl., Columbus, for appellee.

Harold T. Gassaway, Cleveland, Ray E. Hughes, Columbus, for appellant.

### OPINION

By HORNBECK, PJ.

This is an appeal from a judgment of the Common Pleas Court affirming an order of the Board of Liquor Control rejecting the renewal of appellant's C-2 permit.

There is no finding of facts in connection with the order

of the Board of Liquor Control and therefore all reasonable intendment that can be drawn from the evidence must be indulged to support the regularity and validity of the order.

Upon the record, it appears that appellant was granted a permit in July, 1947, and the number of his place of business was 9801 Cedar Avenue, Cleveland. It appears that there are two buildings at this number in one of which in front, appellant conducted his business. He lives in the rear as do others. It further appears that on two occasions prior to the issuance of the permit to him, on July 10, 1945, and September 17, 1946, appellant was arrested, charged, convicted and sentenced on charges of "policy." The latter arrest was probably not in the business establishment but on the premises at the number where appellant lived. On October 2, 1947, appellant was arrested, charged with "policy" and dismissed. On the 18th of September, 1948, he was arrested, convicted and sentenced for "policy." In addition to these offenses of which the appellant himself was convicted, his wife, Rose, was also convicted of the offense of "policy" on March 10, 1948, which gambling was conducted on the permit premises. Two other arrests of other persons on the charge of "policy" gambling made on October 2, 1947, and March 23, 1948, also appear in the record, although the persons convicted do not appear to have been related to the appellants.

Without comment or further observation we are satisfied that the Board of Liquor Control did not abuse its discretion in refusing to renew appellant's permit, upon the evidence before it at his hearing.

No error assigned is established.

The judgment of the Common Pleas Court is affirmed.

WISEMAN and MILLER, JJ, concur.